IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **RANDALL WAYNE MAYS,** Petitioner, v. **LORIE DAVIS,** Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | Civil Action No. 6:19-cv-00426 CAPITAL CASE Execution Date: October 16, 2019 |

**OPPOSED MOTION FOR STAY OF EXECUTION**

Petitioner, Randall Wayne Mays, by undersigned counsel, respectfully requests that the Court stay his execution, currently scheduled for October 16, 2019.

Mays believes that he has patented a renewable energy design worth billions of dollars and that the State wants to execute him—and by doing so permanently silence him—so that his design does not upend the fossil fuel industry as we know it. The state court appointed three experts to assess Mays's competency, all of whom agreed that Mays was not malingering. Two of the three experts determined that Mays's delusions prevent him from having a rational understanding of the reason the State seeks to execute him. Doc. 1 at 10-12. The sole dissenting expert, despite being on notice of Mays's genuinely held delusions, did not even bother to ask him about them. *Id.* at 13. Because Mays possesses only "awareness without understanding" of the State's reasoning for the execution, he is incompetent to be executed pursuant to

1

the Eighth Amendment and *Ford v. Wainwright*, 477 U.S. 399 (1986). *See Panetti v. Quarterman*, 551 U.S. 930, 959–60 (2007) ("[A]wareness of the State's rationale . . . is not the same as a rational understanding of it.").

Petitions raising Eighth Amendment issues regarding competency to be executed are uniquely complex. The Fifth Circuit described such actions as a "judicial plunge into the dark forest of insanity and death directed by the flickering and inevitably elusive guides." *Panetti v. Davis*, 863 F.3d 366, 368 (5th Cir. 2017). This Court now begins its own journey into this question in Mays's case. And yet, it currently must navigate this nebulous area of law on a remarkably abbreviated schedule—albeit through no fault of Mays. *See Battaglia v. Stephens*, 824 F.3d 470, 475–76 (5th Cir. 2016) ("[T]o the extent that his filings are late in arriving, this is due in significant part to the nature of a *Ford* claim (which ripens only in proximity to execution)[.]").

The reason for this compressed timeframe is that the State proceeded to schedule Mays's execution a mere twelve days after the Texas Court of Criminal Appeals (CCA) lifted its previous stay. The State did so despite being on notice that Mays would pursue a *Ford* claim in federal court—a claim that could not move forward until the state court proceedings concluded. The convicting court held a hearing on June 17, 2019, after the State requested that an execution date be set. Mays's state-court appointed counsel, the Office of Capital and Forensic Writs (OCFW), explained that the CCA opinion was "not the end of the litigation" and that Mays would be filing a petition for writ of certiorari in the Supreme Court and a

federal habeas petition relating to his competency now that the state proceedings had concluded. Ex. 1 at 3–4. Instead of setting an execution date, the OCFW requested that the court set another hearing for December to assess the current state of the litigation. *Id.* at 4–5. While the trial court ultimately entered an execution order, it did so under the apparent assumption that the execution would be stayed by another court. *Id.* at 5 ("I think the Court will go ahead and enter an order today. Then you can do your appeal process in the state and federal system thereafter and get a stay on the date.").

This Court possess jurisdiction to enter a stay of execution. 28 U.S.C. § 2251(a)(1) provides that "[a] justice or judge of the United States before whom a habeas corpus proceeding is pending, may, . . . pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." Mays filed his petition on September 18, 2019, giving this Court jurisdiction to enter a stay of execution. Under the present facts, a stay is warranted to allow the orderly adjudicative process of the federal courts to occur.

In state court, Mays established that there is substantial doubt regarding his competency to be executed. *Mays v. State*, 476 S.W.3d 454, 462 (Tex. Crim. App. 2015). This provides significant weight to the current request, and entitles Mays to additional due process protections. *See Panetti*, 551 U.S. at 946–47 ("The requirement of a threshold preliminary showing, for instance, will, as a general matter, be imposed before a stay is granted or the action is allowed to proceed."). "Once a prisoner seeking

a stay of execution has made a 'substantial threshold showing of insanity,' the protection afforded by procedural due process includes a 'fair hearing' in accord with fundamental fairness." *Panetti*, 551 U.S. at 949 (quoting *Ford*, 477 U.S. at 426, 424). While *Panetti* was aimed at the lack of fundamental fairness in state court proceedings, its language applies with equal force to the federal court process that must be afforded to inmates that have triggered their threshold burden. Because Mays has met his threshold burden, his execution should be stayed to allow adequate time to litigate these important questions in federal court.

This Court should not rush to judgment on the petition. The Supreme Court has explained that the statutory right to counsel "necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). "Where this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)). Similarly, the Supreme Court has repeatedly instructed that federal courts are not to permit executions that would thwart the federal courts from affording federal habeas corpus review of capital judgments. *Lonchar v. Thomas*, 517 U.S. 314, 320–21 (1996) (holding that a district court is obligated to stay execution scheduled while habeas corpus case is pending whenever necessary to adjudicate the petition in due course and avoid mootness); *Barefoot*, 463 U.S. at 893–94 (1983) (holding that a court of appeals is obligated to stay execution where necessary to decide the merits of any

appeal in a habeas corpus case over which it is exercising jurisdiction before a prisoner may be executed).

Here, of course, Mays is represented by counsel and has filed his petition for writ of habeas corpus. *See* Doc. 1. Yet, *McFarland* provides substantial support for entering a stay of execution. Mays anticipates that the Director will likely challenge his entitlement to relief and raise numerous procedural issues in response to that petition. Granting a stay will allow adequate time for Mays to reply to issues raised by the Director, thus permitting him to fully present his claims, and will also allow this Court adequate time to resolve those difficult questions. *See McFarland*, 512 U.S. at 858.

The Fifth Circuit has stayed the execution of a petitioner to "fully consider the late arriving and complex legal questions" regarding issues relating to competency for execution. *Panetti v. Stephens*, 586 F. App'x 163, 164 (5th Cir. 2014). It did so based on *McFarland* and 28 U.S.C. § 2251(a)(3), without an assessment of the likelihood of success on appeal. *Id.* at n. 1.[1] This Court should do the same. The intersection between the relevant law and the unique facts of this case supply ample justification for this Court to exercise its discretion under 28 U.S.C. § 2251(a)(1) and

---

[1] In another case raising a *Ford* issue, the Fifth Circuit noted that it is unclear which standard for a stay of execution applies. "It is not clear whether [the petitioner's] motion for stay is governed by *McFarland* or by the *Nken* factors." *Charles v. Stephens*, 612 F. App'x 214, 222 (5th Cir. 2015). But, it explained that if a petitioner has "insufficient time to meaningfully exercise [his right to counsel under 18 U.S.C. § 3599] because of an impending execution, the Supreme Court has instructed federal courts to grant a stay." *Id.* (citing *McFarland*, 512 U.S. at 858).

5

stay Mays's execution. Mays asks that this Court stay his execution to allow the orderly adjudicative process to take place in federal court.

Dated: September 25, 2019

Respectfully submitted,

JASON D. HAWKINS
Federal Public Defender

JEREMY SCHEPERS
Supervisor, Capital Habeas Unit

/s/ *Derek VerHagen*
Assistant Federal Public Defender
Capital Habeas Unit
Texas Bar # 24090535
525 S Griffin Street, Suite 629
Dallas, TX 75202
214-767-2746
214-767-2886 (fax)
Derek_VerHagen@fd.org

## **CERTIFICATE OF CONFERENCE**

On September 25, 2019, I conferred with counsel for the Director, Assistant Attorney General Travis Bragg. He informed me that the Director is opposed to the relief requested in this motion.

*/s/ Derek VerHagen*
Derek VerHagen

## **CERTIFICATE OF SERVICE**

On September 25, 2019, a copy of the foregoing motion was served upon the Office of the Attorney General of Texas by United States via CM/ECF e-filing system.

*/s/ Derek VerHagen*
Derek VerHagen
