| | | |
|---|---|---|
| RANDALL WAYNE MAYS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 6:19-CV-426 |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER OF DISMISSAL

Petitioner Randall Wayne Mays, a death row inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was scheduled to be executed on October 16, 2019. On September 18, 2019, he filed the present petition alleging that he is incompetent to be executed under the standards established by the United States Supreme Court in *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Panetti v. Quarterman*, 551 U.S. 930 (2007). Subsequently, the State trial court withdrew its October 16, 2019, order for execution. He is currently scheduled to be executed on May 13, 2020.

Before the Court is Respondent's motion to dismiss without prejudice Petitioner's petition for a writ of habeas corpus (#12). Respondent asserts that Mays' incompetent-to-be-executed claim should be dismissed without prejudice to Mays' raising his claims in a later federal petition after the completion of the State court proceedings on his second Article 46.05 ("*Ford*") motion. Petitioner filed a response. (#14). For the reasons set forth below, the Court finds that the petition should dismissed without prejudice, as the matter is not ripe for determination. In the alternative, the petition should be dismissed without prejudice, as the matter is not yet exhausted.

## I.    PROCEDURAL HISTORY

On May 13, 2008, Mays was sentenced to death for the capital murder of a Henderson County Sheriff's Deputy. The conviction was affirmed by the Texas Court of Criminal Appeals ("TCCA"). *Mays v. State*, 318 S.W.3d 368 (Tex. Crim. App. 2010). The Supreme Court denied his petition for a writ of certiorari. *Mays v. Texas*, 562 U.S. 1274 (2011).

Mays filed an application for a writ of habeas corpus in the State trial court on May 3, 2010. The trial court conducted an evidentiary hearing beginning on September 28, 2010. Following the hearing, the trial court issued findings of fact and conclusions of law on December 3, 2010. On March 16, 2011, the TCCA adopted the findings and conclusions of the trial court and denied relief. *Ex parte Mays*, No. WR-75105-01, 2011 WL 1196799 (Tex. Crim. App. 2011). The Supreme Court denied his petition for a writ of certiorari. *Mays v. Texas*, 565 U.S. 963 (2011).

Mays proceeded to file a petition for a writ of habeas corpus in this Court, which was denied. *Mays v. Director, TDCJ-CID*, No. 6:11-CV-135, 2013 WL 6677373 (E.D. Tex. Dec. 18, 2013). The United States Court of Appeals for the Fifth Circuit denied his application for a certificate of appealability. *Mays v. Stephens*, 757 F.3d 211 (5th Cir. 2014). The Supreme Court denied his petition for a writ of certiorari. *Mays v. Stephens*, 574 U.S. 1082 (2015).

On February 24, 2015, Mays filed a motion in the State trial court challenging his competency to be executed pursuant to TEX. CODE CRIM. PROC. art. 46.05. The trial court denied the motion. The TCCA reversed and remanded the case. *Mays v. State*, 476 S.W.3d 454 (Tex. Crim. App. 2015). The TCCA found that Mays had made a "'substantial showing' that he was incompetent to be executed." *Id.* at 462. The case was remanded for further consideration in

accordance with Article 46.05.  *Id.*  The trial court conducted an evidentiary hearing and issued

findings of fact and conclusions of law recommending that relief be denied.  On June 5, 2019, the

TCCA adopted the trial court's findings and denied relief.  *Mays v. State*, No. AP-77,055, 2019

WL 2361999 (Tex. Crim. App. 2019).  The Supreme Court denied his petition for a writ of

certiorari. *Mays v. Texas*, No. 19-5839, – S. Ct. –, 2019 WL 5875182 (2019).

On June 17, 2019, the State trial court entered a new order setting execution for October

16, 2019.  On September 18, 2019, Mays filed his present federal petition alleging that he is

incompetent to be executed under the standards established by the United States Supreme Court

in *Ford*, 477 U.S. 399, and *Panetti*, 551 U.S. 930.

After he filed his federal habeas petition, he filed a second motion challenging his

competency under Article 46.05 in the State trial court.  Based on that second motion, the State

trial court withdrew the October 16, 2019, execution date in order to review Mays' newest

motion.  The State trial court determined that Mays failed to show a substantial change in

circumstances, denied his second motion, and entered a new execution date for May 13, 2020.

Mays appealed.  That decision is currently on appeal before the TCCA (No. AP-77,093).

II.     **FACTS OF THE CASE**

The Fifth Circuit discussed the facts of the case as follows:

In 2007, police officers responded to a "domestic violence-gunshot" call.  All of
them were in uniform, wearing badges, and driving marked vehicles.  Although
Mays was initially calm and courteous, he fled into his house and barricaded
himself when the officers began reading him his rights.  He later emerged holding
a deer rifle.  After the officers had failed several times to convince Mays to put
down the weapon and give himself up, he opened fire.  He shot Deputy Tony
Ogburn and Officer Paul Habelt in the head, killing both, and shot Deputy Kevin
Harris in the leg.

> At the guilt phase of the trial, the defense produced evidence that Mays suffered from paranoia and mental illness but was not insane. The jury found Mays guilty of capital murder. During the sentencing phase, the prosecution provided victim-impact evidence from Harris and from Ogburn's widow and son. The defense submitted mitigating evidence of Mays's violent and abusive childhood and testimony from psychiatrists that he suffered from depression and a "psychotic disorder not otherwise specified," which was possibly linked to permanent brain damage from his chronic methamphetamine use. The jury answered "yes" to the future dangerousness issue and "no" to the question of mitigation; the court sentenced Mays to death.

*Mays*, 757 F.3d at 212. The Court noted that there was no evidence at trial that he was incompetent. *Id*. at 216. Moreover, even though there was evidence of mental illness, a "defendant can be both mentally ill and competent to stand trial." *Id.* Finally, the Court rejected his claim "that the Eighth Amendment prohibits his execution because he is mentally ill." *Id*. at 219.

## III. LEGAL STANDARDS

### A. General Standards of Review

The petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "By its terms § 2254 bars relitigation of any claim 'adjudicated on the merits' in State court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v.*

*Richter*, 562 U.S. 86, 98 (2011). The AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and internal quotation marks omitted). With respect to the first provision, a "state court decision is 'contrary to' clearly established federal law if (1) the State court 'applies a rule that contradicts the governing law' announced in Supreme Court cases, or (2) the State court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts." *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006) (en banc) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)), *cert. denied*, 551 U.S. 1141 (2007). "[R]eview under § 2254(d)(1) is limited to the record that was before the State court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180-81 (2011). As such, "evidence later introduced in federal court is irrelevant." *Id.* at 184. "The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged." *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011), *cert. denied*, 568 U.S. 828 (2012).

With respect to section 2254(d)(2), a Texas court's factual findings are presumed to be sound unless a petitioner rebuts the "presumption of correctness by clear and convincing evidence." *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing section 2254(e)(1)). The "standard is demanding but not insatiable; . . . [d]eference does not by definition preclude relief." *Id.* (citation and internal quotation marks omitted). More recently, the Supreme Court held that a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 562 U.S. at 101 (citation omitted). The Supreme Court has explained that the provisions of the

AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a State court decision may have been incorrect; instead, a petitioner must show that a State court decision was unreasonable. *Id.* at 694.

### B.      The *Ford* Standard

The Eighth Amendment's prohibition on cruel and unusual punishment prohibits the execution of a prisoner who is incompetent. *Ford*, 477 U.S. at 409-10. This prohibition applies even if a prisoner was earlier found competent to be tried and convicted for the crime that resulted in the death sentence. Once a petitioner makes a "preliminary showing that his current mental state would bar his execution, the Eighth Amendment . . . entitles him to an adjudication to determine his condition." *Panetti*, 551 U.S. at 934-35. More specifically, he is entitled to a fair hearing on his competency to be executed in accord with fundamental fairness. *Id.* at 948. This includes the right to submit evidence and argument, including expert psychiatric evidence.

A prisoner is incompetent to be executed when his "mental illness prevents him from comprehending the reasons for the penalty or its implications." *Ford*, 477 U.S. at 417. A prisoner must be able to understand "the fact of his impending execution and the factual predicate for the execution." *Panetti*, 551 U.S. at 954-55. The Fifth Circuit has "discussed with approval a standard that seeks to determine whether the prisoner has a rational understanding of his crime, his impending death, and the causal relationship between the two." *Eldridge v. Davis*, 661 F. App'x 253, 257 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 2215 (2017). Most recently, the Fifth

Circuit reiterated that a prisoner must have a "rational understanding" of the State's reasons for executing him. *Panetti v. Davis*, 863 F.3d 366, 369 (5th Cir. 2017).

## IV.     Respondent's motion to dismiss

Respondent notes that Mays' federal habeas petition is challenging the denial of his first competency motion as it pertained to his scheduled execution for October 16, 2019. Respondent asserts that Mays' federal petition became moot when the October 16, 2019, execution date was withdrawn and Mays initiated a subsequent state court proceeding raising the same issues regarding his competency. Respondent further reasons that although the State trial court has now denied Mays' subsequent competency motion and set a new execution date, this decision is currently pending review before the TCCA. She argues that Mays' claims will necessarily be entwined in the subsequent decision by the TCCA and a future federal habeas petition seeking review of that later decision. Respondent asserts that Mays' claims have yet to ripen again.

## V.     Mays' response

Mays argues that Respondent's motion to dismiss should be denied because he is raising a single claim regarding his present competency to be executed under the Eighth Amendment, as interpreted by *Ford* and *Panetti*. He asserts that because his execution is imminent, May 13, 2020, his claim is ripe. Mays reasons that the State trial court's withdrawal of the October 2019 execution date—after subsequent competency proceedings were initiated and later resetting of the execution date for May 13, 2020—did not moot his competency claims. He asserts that his competency claim is not specifically tied to the October 16, 2019, execution date or any specific execution date. Mays submits that the issue before the Court is whether he is presently competent

for execution. He concedes that briefing on his second *Ford* motion will not be completed in the TCCA until April 5, 2020,[1] at the earliest.

## VI.    DISCUSSION

"A case becomes moot . . . 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). And "federal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1985)). This occurs "only when it is impossible to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emp'ees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id*. at 307-08 (alteration in the original) (quoting *Ellis v. Brotherhood of Ry. Clerks*, 466 U.S. 435, 442 (1984)).

As discussed in the procedural history above, the State trial court withdrew the October 16, 2019, execution date after Mays filed his second *Ford* motion. Respondent argues that this action mooted Mays' federal habeas petition. When a party challenges a law that has been repealed by the time the issue reaches the Court, the case is moot. *Diffenderfer v. Cent. Baptist Church*, 404 U.S. 412, 414-15 (1972) (per curiam). Another circumstance that demonstrates mootness is a challenge to a bill that expires by its own terms prior to landing on the Court's docket. *Burke v. Barnes*, 479 U.S. 361, 363-64 (1987). This rule also applies to self-expiring

---

[1]    Mays filed his opening brief for his second *Ford* motion in the TCCA on February 14, 2020. Under Texas Rule of Appellate Procedure 38.6, the State's response is due on March 16, 2020. Mays' reply brief will be due on April 5, 2020, presuming no extensions of time are requested and/or granted.

executive orders losing effect before the court can issue an opinion on the merits. *Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353, 353 (2017).

Respondent explains that although in *Trump* the executive order (or the bill in *Burke*) "expired by its own terms," the effect is the same here. When the October 16, 2019, execution date was withdrawn, at Mays' request, the execution order effectively expired; thus, extinguishing the live controversy in the federal habeas petition. *See Trump*, 138 S. Ct. at 353; *Burke*, 479 U.S. at 363. As a result, it became impossible to grant any effectual relief to Mays. Knox, 567 U.S. at 307; *see Nelson v. Campbell*, 541 U.S. 637, 648 (2004) (declining to address issues related to a prior stay of execution because "the execution warrant has now expired").

Mays is also requesting that this Court review a state court decision which he admittedly claims is out of date regarding his competency to be executed claim. In Mays' second *Ford* motion filed on February 14, 2020, before the TCCA (*Mays v. State*, No. AP-77,093),[2] he claims that circumstances have changed since the 2017 determination that he is competent to be executed and asserts that new facts exist regarding his competency necessitating a new review of his *Ford* claim by the state courts. (Mays' opening brief, p. 7-8). He claims that his cognitive functioning has declined and that his paranoid delusions have expanded since he was evaluated over two years ago. (May's opening brief, p. 8). Mays asks the TCCA to remand his case to the State trial court with an order to appoint at least two experts to evaluate Mays for competency and for a stay of his execution. (*Id.*).

In light of the above circumstances, Mays' federal habeas petition is moot because the issue of his competency to be executed is not ripe. The ripeness doctrine exists "to prevent the courts,

---

[2]    http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=11a7c9a8-eafe-4614-9b03-2a4c978 70a8c&coa=coscca&DT=BRIEF&MediaID=f9318004-19b4-4f4c-9c34-c577077b8622.

through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967); *see Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 267 (5th Cir. 2015). Accordingly, "ripeness is peculiarly a question of timing." *Reg'l Rail Reorg. Act Cases*, 419 U.S. 102, 140 (1974). A federal court normally ought not resolve issues "involving contingent future events that may not occur as anticipated or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (quotation omitted). In the absence of an immediate and certain injury to a party, a dispute has not "matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975); *see Contender Farms*, *L.L.P.*, 779 F.3d at 267.

The Court further agrees with Respondent that because Mays' October 16, 2019, execution date was withdrawn and his appeal remains pending in the TCCA, there exists future contingencies which could affect the claims brought in the instant federal habeas petition. The TCCA could remand the case back for another evidentiary hearing, as they did in the initial proceeding. The TCCA and/or the state district court, if remanded, could grant the second *Ford* motion—making the determination that Mays is incompetent to be executed and thus resulting in any proceeding in federal court wholly unnecessary. The TCCA, *sua sponte*, could stay all executions for the foreseeable future because of the impact of the novel coronavirus based on "the enormous resources needed to address that emergency." *See In re Hummel*, No. WR-81,578-02 (Tex. Crim. App. Mar. 16, 2020) and *In re Beatty*, No. WR-59,939-04 (Tex. Crim. App. Mar. 19, 2020).

Mays' second *Ford* motion created a set of unknown future contingencies which affects the ripeness of his federal habeas petition. Mays' federal habeas petition was mooted when he filed his second *Ford* motion. His claim, however, may ripen again. *See, e.g., Nelson*, 541 U.S. at

648 (noting that, '[i]f the State reschedules the execution while this case is pending on remand and petitioner seeks another . . . stay, the District Court will need to address" future issues). Until the TCCA resolves the pending appeal (*Mays v. State*, No. AP-77,093), Mays' federal petition is not ripe for consideration.

In contrast, Mays argues that it is irrelevant that his October 16, 2019, execution date was withdrawn or that he filed a second *Ford* motion that is still pending before the TCCA because he is challenging the ultimate issue of whether he is competent to be executed.  Mays' argument is not persuasive because it fails to resolve whether the ultimate issue—competency to be executed—has been fully exhausted.  His *Ford* claim clearly remains pending before the TCCA. The AEDPA requires state prisoners to exhaust all state remedies before seeking federal habeas relief.  Title 28 U.S.C. §§ 2254(b)(1)(A) and (c).  "The exhaustion doctrine seeks to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from a federal judiciary."  *Vasquez v. Hillery*, 474 U.S. 254, 257(1986).

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless there is an absence of an available state corrective process or circumstances exist which render the state corrective process ineffective to protect the prisoner's rights.  Title 28 U.S.C. § 2254(b).  In order to exhaust properly, he must "fairly present" all of his claims to the state court.  *Picard v. Connor*, 404 U.S. 270 (1981).  In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals.  *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).  Mays' allegation that circumstances have changed and that new facts exist to establish that he is incompetent to be executed has not been ruled upon by the TCCA.  This Court may not rule upon the ultimate issue

of whether Mays is competent to be executed until such time that the TCCA has ruled upon the issue first.

## VII. CONCLUSION

It is accordingly

**ORDERED** that Respondent's motion to dismiss without prejudice Petitioner's petition for writ of habeas corpus (#12) is **GRANTED**. It is further

**ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**, as the case is **MOOT**. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

SIGNED at Beaumont, Texas, this 20th day of March, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE